```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/19/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF PELHAM EUROPE, LTD. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

Case No. 15 Misc. 370 (GHW)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

GREGORY H. WOODS, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

    1.    With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. The restrictions on use of Confidential Discovery Material as described herein apply equally to

Confidential Discovery Material that includes excerpts, summaries, compilations, or other derivatives of Confidential information.

    2.    The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a)    previously non-disclosed financial, proprietary, or commercially sensitive information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b)    previously non-disclosed material relating to ownership or control of any non-public company;

    (c)    previously non-disclosed business plans, product-development information, or marketing plans;

    (d)    previously non-disclosed information that the Producing Party would not normally reveal to third parties or would require third parties to maintain in confidence;

    (e)    any information of a personal or intimate nature regarding any individual;

    (f)    confidential information of a non-party that the Producing Party is bound to maintain in confidence pursuant to a separate confidentiality agreement or court order and that the Producing Party is required to produce in this action; or

    (g)    any other category of information given confidential status by this Court after the date of this Order.

    3.    With respect to Discovery Material that a person has designated as

"Highly Confidential" pursuant to this Order, no person subject to this Order may disclose such Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder. The restrictions on use of Highly Confidential Discovery Material as described herein apply equally to Highly Confidential Discovery Material that includes excerpts, summaries, compilations, or other derivatives of Highly Confidential information.

    4.  The Producing Party may designate as Highly Confidential only the portion of such material that it reasonably and in good faith believes consists of (i) highly sensitive business planning, marketing, financial, pricing, or sales information; or (ii) confidential, proprietary, or commercially sensitive information that the Producing Party believes in good faith will result in significant risk of competitive disadvantage or harm if disclosed to another party without restriction upon use or further disclosure, or that affords the Producing Party an actual or potential economic advantage over others. Highly Confidential material includes information concerning an offer for or transaction involving *Buste de Femme (Marie Thérèse)* (Bust of a Woman (Marie Thérèse)), Boisgeloup, 1931 (the "Work"), where such offer or transaction involves a party other than Larry Gagosian; Gagosian Gallery, Inc.; Pelham Europe, Ltd.; Connery Pissarro Seydoux SA; Maya Widmaier-Picasso; or a member of Maya Widmaier-Picasso's immediate family, to the extent such information has not otherwise been published or disclosed to the Parties outside the confines of this action, *Gagosian Gallery, Inc. v. Pelham Europe, Ltd.*, No. 16-cv-214 (S.D.N.Y.), or the proceedings in Switzerland and France brought by Pelham Europe, Ltd. against Maya Widmaier-Picasso concerning the Work (the "Foreign Litigation," and together with this action and *Gagosian Gallery, Inc. v. Pelham Europe, Ltd.*, No. 16-cv-214 (S.D.N.Y.), the "Actions").

    5.  With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its

8445737v.1            3

counsel may designate such portion as "Confidential" or "Highly Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorney's Eyes Only," respectively, the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the Confidential or Highly Confidential information redacted.

      6. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorney's Eyes Only Information Governed by Protective Order," respectively; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential.

      7. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without the appropriate limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as

Confidential or Highly Confidential as so designated. To the extent that such Discovery Material was properly shown to a person who would not be entitled to see it pursuant to its new designation, that person shall be advised that such material has been redesignated as Confidential or Highly Confidential, as the case may be, and be instructed not to use such Discovery Material for any purpose. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within two business days of providing such notice.

8. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence. When a Producing Party gives notice to the other parties ("Receiving Parties") that certain inadvertently produced material is subject to a claim of privilege or other protection, the Receiving Parties shall return to the Producing Party the original and destroy all copies of the document or material within five (5) business days of the receipt of such notice, and shall certify in writing that they have done so. The return of the document(s) and/or information to the Producing Party shall not preclude the Receiving Parties from later moving the Court to compel production of the returned documents and/or information on a basis other than waiver due to inadvertent disclosure. Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected material, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding

9. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their in-house counsel, their insurers, and counsel to their insurers;

(b) counsel of record in the Actions, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to these matters; outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to these matters;

(c) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) any witness who is called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(h) the courts presiding over the Actions, including any appellate court, its support personnel, and court reporters.

10. Where a Producing Party has designated Discovery Material as Highly

Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a)    the counsel of record in the Actions;

    (b)    the courts in the Actions and their personnel, as well as any mediator or arbitrator that the Parties have agreed in writing to use or have been ordered to use in connection with this action;

    (c)    court reporters and their staff and professional vendors to whom disclosure is reasonably necessary for the Actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    (d)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

    (e)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Non-Disclosure Agreement in the form annexed as Exhibit A hereto, <u>unless otherwise agreed by the Producing Party or ordered by the court</u>. Pages of transcribed deposition testimony or exhibits to depositions that reveal material designated as Highly Confidential must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    11.    Before disclosing any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 9(c), 9(e), 9(f), 10(c), or 10(e) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure

Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12. This Order binds the Parties and certain others to treat as Confidential or Highly Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential.

13. In filing Confidential or Highly Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Highly Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential or Highly Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of

such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

14. Any Party who objects to any designation of confidentiality may at any time before the termination of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

15. Any Party who requests additional limits on disclosure may at any time before the termination of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

16. Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of the Actions, and any appeals to the Actions, and not for any other purpose or in any other litigation proceeding. In the Actions, a Receiving Party shall take all steps necessary to fulfill its obligations under this Order, including its obligation to maintain the confidentiality of Confidential or Highly Confidential Discovery Material. In particular, a Receiving Party shall not submit any Confidential or Highly Confidential material in the Foreign Litigation unless there is a protocol in place to maintain the confidentiality of such Confidential or Highly Confidential material as required by this Order. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

17. Nothing in this Order will prevent any Party from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential or Highly Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

20. This Order will survive the termination of the Actions and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

21. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| | |
|---|---|
| PATTERSON BELKNAP WEBB & TYLER LLP | NIXON PEABODY LLP |
| By: _____<br>    Erik Haas<br>    Julia Stepanova<br>    Patrick Gibson | By:  /s/ Thaddeus J. Stauber<br>    Thaddeus J. Stauber<br>    Robert N. H. Christmas |
| 1133 Avenue of the Americas<br>New York, New York  10036<br>Telephone:  (212) 336-2000<br>Facsimile:  (212) 336-2222 | 437 Madison Avenue, 18th Floor<br>New York, New York 10022<br>Telephone: (212) 940-3000<br>Facsimile: (212) 940-3111 |
| *Attorneys for Applicant Pelham Europe, Ltd.* | *Attorneys for Respondent Diana Widmaier Picasso* |

DONTZIN NAGY & FLEISSIG LLP

By:  /s/ Matthew S. Dontzin
    Matthew S. Dontzin
    Tibor L. Nagy
    David A. Fleissig
    Tracy O. Appleton

980 Madison Avenue
New York,  New York 10075
Pittsburgh, Pennsylvania 15219
Telephone: (212) 717-2900
Facsimile: (212) 940-3111

*Attorneys for Respondents Larry Gagosian and Gagosian Gallery, Inc.*

SO ORDERED.

Dated: January 19, 2016  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge

Exhibit A to Stipulated Confidentiality
Agreement and Protective Order

UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF PELHAM EUROPE, LTD. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 | Case No. 15 Misc. 370 (GHW)<br><br>**NON-DISCLOSURE AGREEMENT** |

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of the Actions and that at the conclusion of the Actions I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name

_____
Date

8445737v.1                                                              1